### (June 19, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANGELO F. CASALINI and WAVIE REDD, Respondents. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM STUIS and NORMAN BARUCH, Respondents.— Orders, Supreme Court, New York County, entered March 6, 1975, dismissing the respective indictments for lack of jurisdiction, reversed, on the law, and the indictments reinstated. Each pair of defendants in each indictment is charged with grand larceny in the third degree and conspiracy in the

third degree, relating to their malfeasance as treasurers and assistant treasurers of two theaters owned by the City Center of Music and Drama, Inc. The Attorney-General has been conducting a continuing investigation of theatrical syndication financing under the authority of article 26-A (§ 399-b *et al.*) of the General Business Law. The named defendants allegedly substituted seat location passes in lieu of actual tickets purchased by department store customers through sales offices in the department stores and would then place the sold tickets in the unsold ticket rack. These seats would be reported as unsold when, in fact, they were sold. The Attorney-General's article 26-A investigation may include investigation of improper ticket sales (General Business Law, § 399-n). The Attorney-General further has authority to prosecute for incidental larceny and conspiracy uncovered by and related to the ongoing investigation (General Business Law, § 399-c, subd 5). The indictments in question were the legitimate by-products of just such ongoing investigation and they were therefore improperly dismissed. Concur—Kupferman, J. P., Lupiano, Tilzer and Lane, JJ.; Nunez, J., would affirm on the opinion of Culkin, J. at Trial Term.